[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 11, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13518
Non-Argument Calendar

_____

D. C. Docket No. 07-00075-CR-T-26-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILMAN ANTONIO ALCALA-SANVICENTE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 11, 2008)**

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Wilman Antonio Alcala-Sanvicente appeals the district court's denial of a

minor-role reduction, pursuant to U.S.S.G. § 3B1.2(b). Alcala-Sanvincente agreed to serve aboard a freighter that he knew was being used to smuggle cocaine. The crew consisted of eight other members. The Coast Guard discovered more than 10,000 kilograms of cocaine hidden on the vessel. Alcala-Sanvincente pled guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a), (b) and 21 U.S.C. § 960(b)(1)(B)(ii), and one count of possessing with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii). His total offense level was reduced by five levels, after which his Guidelines range was calculated as 135–168 months' imprisonment. The district court sentenced Alcala-Sanvincente to 135 months' imprisonment on both counts, to run concurrently.

On appeal, Alcala-Sanvicente argues that he was not an organizer or supervisor of the smuggling operation, and he was less culpable than any of his co-conspirators. He also argues that nothing in the district court's sentence indicates that it properly considered the factors in U.S.S.G. § 1B1.3(a) regarding his adjustment. For the reasons set forth below, we affirm.

"[A] district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." *United States v. Rodriquez De Varon*, 175 F.3d 930, 937 (11th Cir. 1999). Further explaining this standard, we have stated,

> [A] trial court's choice between 'two permissible views of the evidence' is the very essence of the clear error standard of review. . . . So long as the basis of the trial court's decision is supported by the record *and* does not involve a misapplication of a rule of law, we believe that it will be rare for an appellate court to conclude that the sentencing court's determination is clearly erroneous.

*Id.* at 945 (citation omitted).

Section 3B1.2 of the Sentencing Guidelines provides for a two-level decrease if the defendant was a minor participant in any criminal activity. U.S.S.G. § 3B1.2. A defendant is a minor participant if he is less culpable than most other participants, but his role cannot be described as minimal. *Id.* cmt. n.5. "The defendant bears the burden of proving his minor role by a preponderance of the evidence." *United States v. Boyd*, 291 F.3d 1274, 1277 (11th Cir. 2002).

In determining whether a defendant qualifies for a minor-role adjustment, the district court first "must measure the defendant's role against the relevant conduct for which [he] was held accountable at sentencing," and second, "may also measure the defendant's role against other participants, to the extent that they are discernable, in that relevant conduct." *De Varon*, 175 F.3d at 945. Where a drug

courier's relevant conduct is limited to his own criminal act, a district court may legitimately conclude that the courier played an important or essential role in that crime. *See id.* at 942–43. Furthermore, "where the relevant conduct attributed to a defendant is identical to [his] actual conduct, [he] cannot prove that [he] is entitled to a minor role adjustment simply by pointing to some broader criminal scheme in which [he] was a minor participant but for which [he] was not held accountable." *Id.* at 941. "[T]he amount of drugs imported," moreover, "is a material consideration in assessing a defendant's role in [his] relevant conduct." *Id.* at 943. As to the second prong, "the district court must determine that the defendant was less culpable than *most other participants* in [his] relevant conduct." *Id.* at 944. Moreover, relative culpability is not necessarily dispositive, as none of the participants may have played a minor or minimal role. *Id.*

The district court did not clearly err in denying Alcala-Sanvicente's request for a minor-role reduction to his offense level because he is being held accountable only for the amount of drugs that are attributable to him personally, and none of the evidence suggests that he played a smaller role in the offense than any of the other crew members, except the ship's captain. Accordingly, we affirm.

**AFFIRMED.**

4